IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE M. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6984 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants City of Chicago ("City"), Department of Water Management, Chicago Police Department, Corporation Counsel,[1] and Committee on Finance (collectively "defendants"), by their attorney Mara S. Georges, Corporation Counsel of the City, move to dismiss plaintiff Janice Thomas' ("Thomas") complaint pursuant to Fed. R. Civ. P 12(b)(6) and states:

**I.   INTRODUCTION**

Thomas is employed by the City as a Motor Truck Driver for the Department of Water Management. See Equal Employment Opportunity Commission ("EEOC Charge") Charge 440-2007-01401, attached to plaintiff's complaint ("Cmplt."). On December 12, 2007, Thomas filed a form complaint *pro se* claiming discrimination based on disability under the Americans with Disability Act ("ADA") and race, color, or national origin under 42 U.S.C. § 1983. Cmplt. at ¶¶ 9(c), 10, a copy of Thomas' complaint is attached as Exhibit A. In the complaint, Thomas alleges that the City "harassed" her based on an unidentified disability. Cmplt. ¶ 9(c); see EEOC

---

[1] Thomas' complaint lists this defendant as corporate counsel; defendants presumes she meant the Office of the Corporation Counsel.

Charge. Defendants moves to dismiss Thomas' complaint because she failed to file her complaint within 90 days of receiving her right-to-sue letter from the EEOC. Even if Thomas had filed her complaint timely, she fails to state a claim upon which relief can be granted. Thomas' complaint also fails to state a viable municipal policy claim against the City under Section 1983. Additionally, defendants seek to dismiss the Department of Water Management, the Chicago Police Department, the Office of the Corporation Counsel, and the Committee on Finance as they are not suable entities that exist separately from the City. Finally, if the Court finds that Thomas' allegations are sufficient to survive dismissal, defendants request that the Court strike Thomas' request for liquidated and punitive damages.

## II.   PLAINTIFF'S ALLEGATIONS

Thomas began working for the City in October 1990 and is currently assigned to the City's Department of Water Management as a Motor Truck Driver. See EEOC Charge. Thomas alleges that she was "subjected to different terms and conditions of employment by the Yard Foreman beginning in 2004 and continuing through 2006.[2] Id. In 2005, Thomas alleges that she was notified that the Yard Foreman had told other employees that he believes Thomas has a disability. Id. In 2006, Thomas alleges that when her assigned truck was out of service she requested to be allowed to drive a newer truck, but was consistently denied. Id. On November 28, 2006, Thomas filed EEOC Charge 440-2007-01401 and alleged that she was discriminated against because of her disability in violation of the ADA and because of her race and sex in

---

[2] Although Thomas alleges in her EEOC Charge that the she was treated differently since 2004, she states elsewhere in the EEOC Charge that the earliest date the discrimination took place was on May 1, 2005, and the latest date of discrimination was November 27, 2006. Thomas did not check the box affirming that the discrimination was a "continuing action."

violation of Title VII of the Civil Rights Act of 1964. Id.

On August 24, 2007, the EEOC dismissed Thomas' charge and mailed a certified letter to her informing her of her right to sue. Cmplt. ¶8(b); see Dismissal and Notice of Rights letter, attached to plaintiff's complaint. Thomas' right-to-sue letter contains the United States Postal Service ("USPS") tracking number of 7001 0320 0006 1099 7164. See Dismissal and Notice of Rights letter. Thomas alleged that she received her right-to-sue letter on September 19, 2007. Cmplt. ¶ 8(b). On December 12, 2007, Thomas filed her complaint under the ADA, alleging that she was harassed because of her disability. See Cmplt. Although Thomas did not check the race box, paragraph 9(e) alleges race under Section 1983. See Cmplt. ¶ 9(e). For purposes of this motion, defendants will assume Thomas Brings a race claim under Section 1983.

### III.  LEGAL STANDARD

When considering a 12(b)(6) motion, the court must assume all well-pleaded allegations in the complaint are true and must construe them in a light most favorable to the plaintiff. Frank Bros., Inc. v. Wisconsin Dept. of Transp., 409 F.3d 880, 884-85 (7th Cir. 2005). The court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). Also, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998). A motion to dismiss should be granted if the complaint fails to state a claim that entitles the plaintiff to relief. Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989). Thomas' complaint fails to state a claim upon which relief can be granted and it should be dismissed in its entirety with prejudice.

## IV. ARGUMENT

### A. *Thomas' Complaint Should Be Dismissed Because She Failed To File Her Lawsuit Within Ninety Days Of Receiving The EEOC's Right-To-Sue Letter*

Title VII requires a potential plaintiff to file her lawsuit within 90 days of receiving a right-to-sue letter from the EEOC. Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999). The clock begins to run on the 90-day period once the potential plaintiff receives actual notice of her right to sue. Id. at 839.

On November 28, 2006, Thomas filed her EEOC Charge. See EEOC Charge. On August 24, 2007, the EEOC dismissed Thomas' charge and issued her a right-to-sue letter. See Dismissal and Notice of Rights letter. Thomas' right-to-sue letter contained the tracking number of 7001 0320 0006 1099 7164. Id. In her complaint, Thomas alleges that she received the right-to-sue letter from the EEOC on September 19, 2007. Cmplt. ¶ 8(b). On December 12, 2007, eighty-three days after Thomas received her right-to-sue, she filed the instant complaint.

The progress of a USPS certified letter can be tracked by going to the USPS' website, www.usps.com, clicking on the link "track & confirm," and entering the tracking number.[3] By entering the tracking number from Thomas' right-to-sue letter, the USPS website displays the delivery record confirming that the right-to-sue letter was delivered to Thomas on September 1, 2007 at 11:28 a.m. See USPS Track and Confirm printout attached as Exhibit B. Since Thomas received her right-to-sue letter on September 1, 2007, her December 12, 2007 complaint was not

---

[3] Courts may take judicial notice of information on an official government web site. See Denius v. Dunlap, 330 F.3d 919, 926 (7th Cir. 2003); see Laborer's Pension Fund v. Blackmore Sewer Construction Inc., 298 F.3d 600, 607 (7th Cir. 2002) (court took judicial notice of information from the FDIC's official website). Consequently, the Court may refer to information contained on the USPS' website when considering defendants' motion to dismiss.

timely filed within 90 days. Instead, Thomas' complaint was filed 102 days after she received actual notice of her right to sue, or 12 days too late. "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002)(quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). Accordingly, because Thomas did not file her complaint within 90 days of receiving the right-to-sue letter, her complaint should be dismissed.

### B. *Thomas Failed to Plead Facts that Plausibly Suggest She Is Entitled to Relief*

Thomas' complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must do more than express that the plaintiff believes she has suffered some kind of wrong. Although the Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Proc. 8(a)(2), that statement must contain sufficient factual allegations supporting a right to relief that rise above the level of speculation. Bell Atlantic Corp. v. Twombley, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). In establishing "plausibility" as the standard for whether a complaint's factual allegations can survive a motion brought under Rule 12(b)(6), the Supreme Court recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Id. at 1964-5 (citations and quotations omitted).

To survive Rule 12(b)(6) scrutiny, a complaint filed post-Twombly must pass a two-part test. First, "the complaint must describe the claim in sufficient detail to give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted). If it does, then courts must consider whether "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. If the allegations fall short of this standard, "the plaintiff pleads [her]self out of court." Id.

Thomas' complaint pleads her out of court. The complaint is a form "Complaint of Employment Discrimination" supplied by the Court. When asked in paragraph 13 to supply "the facts supporting the plaintiff's claim of discrimination," Thomas answered as follows: "claim documented through EEOC copy will be submitted." Cmplt., ¶ 13. The "EEOC copy" Thomas attached to her complaint consists of the Dismissal and Notice of Rights dated August 24, 2007, along with a copy of the "Charge of Discrimination" that she filed and signed under oath with the Illinois Department of Human Rights. In this document, Thomas explained her claim as follows:

> I began my employment with Respondent in October 1990. My current position is Motor Truck Driver. Beginning in 2004 and continuing, I have been subjected to different terms and conditions of employment by the Yard Foreman. In 2005, I was notified that the Yard Foreman told other employees that he believes I have a disability. In 2006, I have requested to be allowed to drive newer trucks when my assigned truck has been out of service and my requests have consistently been denied.
>
> I believe I have been discriminated against because of my sex, female, and my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990.

These allegations, even if construed in the light most favorable to Thomas, fall far short of the two-part post-Twombly test. At most, Thomas has alleged that she has "been subjected to

different terms and conditions of employment," but she does not give a hint as to what those different terms and conditions might be. Thomas states that her Yard Foreman told some employees said they think she has a "disability," but she does not indicate whether that statement is valid, what the "disability" might be, or what wrong she suffered as a result of these statements. The third and final factual allegation is that Thomas has requested and been denied permission to drive "newer trucks." The rest of the Charge contains no more facts, but only a statement that Thomas believes she is the victim of discrimination on the basis of her gender, race, and disability.

The complaint does not meet Concentra's two-part test. It fails to "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Concentra, 496 F.3d at 776. Thomas' statement of belief that she is the victim of various forms of discrimination is not even a "formulaic recitation of the elements of a cause of action." Twombley, 127 S. Ct. at 1965. Without even knowing what the "different terms and conditions are," or whether Thomas suffers from a legally cognizable "disability," defendants have no way to know what it is supposed to defend.

As for the second prong, the complaint fails to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Concentra, 496 F.3d at 776. The only concrete fact Thomas alleges is that she has not received permission to drive "newer trucks." How this allegation could possibly lead to direct proof of discrimination, or even support an inference that any discrimination ever occurred, remains elusive. The facts contained in this complaint fall far short of the new "plausibility" standard applied in this Court. Because Thomas has failed to state a claim upon which relief can be granted under the new post-

Twombley standard, the Court should dismiss it forthwith.

### C.　*Thomas' Hostile Work Environment Claim Under The ADA Should Be Dismissed*

The Seventh Circuit has not yet ruled on the issue of whether a hostile work environment claim can arise under the ADA. Silk v. City of Chicago, 194 F.3d 788, 803 (7th Cir. 1999). Therefore, the Seventh Circuit reasoned that to make a claim for a hostile work environment under the ADA, a plaintiff must follow the same methodology associated with a hostile environment sexual harassment claim. Id. at 804. "To amount to hostile workplace environment, the harassment must be 'so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" Id. (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998).

Apart from alleging that defendants "failed to stop harassment[,]" Thomas failed to make any further allegation regarding the harassment that she purportedly was subjected to. See Cmplt. ¶12(f). In paragraph 13 of Thomas' complaint, she supports her claim of discrimination by referring to EEOC Charge 440-2007-01401 that she attached as an exhibit. Cmplt. ¶ 13. However, nowhere in Thomas' EEOC charge does she allege any facts to support a hostile work environment. Thomas cannot state a hostile work environment claim in her complaint that she did not include in her underlying EEOC charge. McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 481 (7th Cir. 1996). Although Thomas is not required to include in her EEOC charge every fact supporting her claim, there must be a reasonable relationship between the allegations in the charge and the federal complaint. Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). For the reasons above, Thomas' hostile work environment claim under the ADA

should be dismissed.

### D. Thomas Did Not Properly Allege A Section 1983 Violation Because She Failed To State A Municipal Policy Claim Against Defendants

To state a claim under 42 U.S.C. § 1983 against defendants, the plaintiff must allege that a municipal policy violated his civil rights. McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000); *see* Juniel v. Park Forest-Chicago Heights Sch. Dist. 163, 176 F. Supp. 2d 842, 848-49 (N.D. Ill. 2001). A municipal "policy" consists of either an express municipal policy that, when enforced, deprived the plaintiff of a constitutional right; a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or the plaintiff's alleged constitutional injury was caused by a person with final policymaking authority. Monell v. New York City Department of Social Services 436 U.S. 658, 690-91, 694 (1978); McCormick, 230 F.3d 319; McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995); Auriemma v. Rice, 957 F.2d 397, 399 (7th Cir. 1992). Put another way, defendants' policy must be the source of the alleged constitutional deprivation. McTigue, at 382, citing Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994).

In paragraph 9 of the complaint, Thomas alleges that defendants discriminated against her because of her disability. See Cmplt., ¶ 9(e). Thomas does not refer to any express City policy that led to her alleged deprivation. See Cmplt. Likewise, Thomas has not alleged that an express City policy, a widespread City practice, or a person with final policy making authority deprived her of a constitutional right. See Cmplt. Accordingly, because the complaint fails to put defendants on notice of the nature of the §1983 claims against it, these claims should be dismissed with prejudice. *See* Rodgers v. Arlington Heights Sch. Dist. No. 25, 171 F. Supp. 2d

773, 776-78 (N.D. Ill. 2001); see also Williams v. City of Chicago, No. 97 C 1842, 1997 WL 797650, *4 (Dec.22 1997 N.D. Ill.) (plaintiff's *pro se* form complaint was dismissed for failure to state a municipal policy claim) (attached as Exhibit C).

> **E.  The Court Should Dismiss The Department of Water Management, Chicago Police Department, Corporation Counsel, And the Committee On Finance Because They Are Not Suable Entities.**

Thomas has sued the City of Chicago, the Department of Water Management, Chicago Police Department, Corporation Counsel, and Committee on Finance. The Department of Water Management, Chicago Police Department, Corporation Counsel, and the Committee on Finance are not proper defendants because they do not exist separately from the City. McCraven v. City of Chicago, 18 F. Supp. 2d 877, 881 (N.D. Ill. 1998)(holding that a City department is not subject to suit because it has no separate legal existence apart from the City). See also Bonilla v. City Council of City of Chicago, 809 F. Supp. 590, 601 (N.D. Ill. 1992)(Chicago Police Department is "non-suable"); Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977)(Chicago Department of Streets and Sanitation cannot be sued). Moreover, municipal departments are not entities subject to suit for purposes of liability under civil rights statutes. Brandon v. Holt, 469 U.S. 464, 472 (1985). Accordingly, the Department of Water Management, Chicago Police Department, Corporation Counsel and the Committee on Finance should be dismissed with prejudice because they are non-suable entities.

> **F.  Thomas' Claims That Accrued More Than 300 Days Before She Filed Her EEOC Charge Are Barred**

Title VII requires that an individual file an EEOC charge within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); Bullard v. Sercon Corp., 846 F.2d 463, 467-68 (7th Cir. 1988); Winters v. Iowa State Univ., 768 F. Supp. 231, 237 (N.D. Ill. 1991), aff'd 962

F.2d 11 (7th Cir. 1992). Because memories may fail concerning the minutia of what was said and done in the workplace, the 300-day time restriction requires that employment discrimination claims be filed without undue delay. Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 (7th Cir. 1995). Failure to timely file a charge with the EEOC will bar a plaintiff from later litigating the same claims under Title VII. Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005). The 300-day period begins to run from the date the employee is notified of the adverse employment action. Delaware State Coll. v. Ricks, 449 U.S. 250, 257-60 (1980); Stark v. Dynascan Corp., 902 F.2d 549, 551 (7th Cir. 1990). Thus, a plaintiff who is aware of his injury is not allowed to wait to file until the time he becomes aware of its unlawful nature. Chakonas v. City of Chicago, 42 F.3d 1132, 1136 (7th Cir. 1994).

Thomas filed her EEOC Charge on November 28, 2006. Cmplt. ¶ 7.1(a)(i); EEOC Charge 440-2007-01401. Thomas claims the discrimination on May 1, 2005. See EEOC Charge. Therefore, any acts alleged to have occurred before February 1, 2006, or 300 days prior to the date Thomas filed her EEOC charge, are not timely and should be dismissed from this lawsuit.

### G. The Court Should Strike Thomas' Request For Punitive And Liquidated Damages

Even if the Court finds Thomas' complaint sufficient to withstand defendants' motion to dismiss, the Court should strike her request for liquidated and punitive damages. Cmplt., ¶ 16(g). Liquidated damages are not available under the ADA. See 42 U.S.C. § 1981a(a)(2); 42 U.S.C. § 2000e-5(g). Municipalities, such as the City, are immune from punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (noting that Illinois has not waived

immunity for punitive damages for the City of Chicago); Spanish Action Comm. of Chicago v. City of Chicago, 811 F.2d 1129, 1134 (7th Cir. 1987)(noting that the City of Chicago as a municipality cannot be held liable for punitive damages). Accordingly, Thomas' request for punitive and liquidated damages against defendants should be stricken from her complaint.

## IV.   CONCLUSION

For each of the foregoing reasons, Defendants City of Chicago, Chicago Water Management, Chicago Police Department, Corporation Counsel, and the Committee on Finance respectfully request that the Court grant their motion to dismiss Plaintiff Janice M. Thomas' complaint in its entirety with prejudice.

Respectfully Submitted,

MARA S. GEORGES,
Corporation Counsel of the City of Chicago

Dated: March 31, 2008

　s/ *Peter Ahmadian*
PETER AHMADIAN
JOHN LEOVY
Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
312-744-0898/2-3931

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served a true and correct copy of **Defendant's Motion To Dismiss Plaintiff's Complaint** and **Memorandum of Law In Support** on plaintiff's counsel of record, as identified below, by the United States District Court for Northern District of Illinois, Eastern Division's electronic case filing system, on the 31st day of March 2008.

Andrew M. Slobodien
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606

**s**/Peter Ahmadian
PETER AHMADIAN
Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744