

Not Reported in F.Supp.      Page 1
Not Reported in F.Supp., 1997 WL 797650 (N.D.Ill.), 11 NDLR P 267
(Cite as: Not Reported in F.Supp.)

CWilliams v. City of Chicago
N.D.Ill.,1997.

United States District Court, N.D. Illinois.
Arthur R. WILLIAMS, Plaintiff,
v.
CITY OF CHICAGO, Defendant.
No. 97 C 1842.

Dec. 22, 1997.

**MEMORANDUM OPINION AND ORDER**

HART, J.
*1 *Pro se* plaintiff Arthur Williams brings this action against his former employer, defendant City of Chicago. Williams was formerly employed in the Streets and Sanitation Department as an electrical lineman. He was injured on the job and was temporarily on disability. His period of disability, or at least the payment of disability benefits, ended. Thereafter, the City has not reinstated Williams into his former position or a new position. Williams claims that he has been denied reinstatement because of age, disability, and race discrimination. The City moves to dismiss this action on the grounds that certain claims were not properly exhausted, claims are untimely, and no § 1983 or § 1981 claim against the City is properly stated.

On a **motion** to **dismiss**, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Units*, 507 U.S. 163, 164-65, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not **plead** facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir.1995); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir.1997). It is unnecessary to specifically identify the legal basis for a claim. *Albiero*, 122 F.3d at 419; *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir.1992). It is also true, however, that a party can **plead** him or herself out of court by alleging facts showing he or she has no viable claim. *Jackson*, 66 F.3d at 153-54; *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir.1993), cert. denied, 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994); *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992). Additionally, because Williams is proceeding *pro se*, his complaint must be construed liberally with plaintiff being held to less stringent standards than those applied to complaints drafted by attorneys. *Swofford*, 969 F.2d at 549. Also, consideration is not limited to the complaint; allegations contained in other court filings such as plaintiff's motion for appointment of counsel and his answer to the **motion** to **dismiss** must be considered as well. *Id.*

Plaintiff completed this district's **form complaint** for employment discrimination. He has amplified his allegations in response to the **motion** to **dismiss** and in his motion for appointment of counsel. On September 30, 1996, Williams filed a charge of discrimination with the EEOC.[FN1] It states:

    FN1. Although not attached to the complaint, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1997 WL 797650 (N.D.Ill.), 11 NDLR P 267
(Cite as: Not Reported in F.Supp.)

EEOC charge is specifically referenced and therefore may be considered on this **motion to dismiss**. See Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993). Also, plaintiff admits in response to the **motion** to **dismiss** that the EEOC charge filing date of July 11, 1996 stated in his complaint is in error. The document itself expressly shows the September 30 date.

I was hired by the above-named employer in August 1984 as an Electrical Lineman. On April 4, 1991, I sustained an on-the-job injury. I was placed on medical restrictions by my employer's medical provider. I received duty-related disability until September 1992 when I was placed on ordinary disability. I remained on ordinary disability until October 4, 1994. Since then and as recently as August 12, 1996 I have attempted to return to my employer's medical provider for re-evaluation so that I can return to work, but my employer has refused to honor my request. I have not been told that I have been fired nor have I been provided with an indication of my employment status.

*2 I believe that I have been discriminated against because of my perceived disability, in violation of the Americans with Disabilities Act. Additionally, the form provides a space to identify the cause of discrimination on which the claim is based. The only box checked is disability.

On his **form complaint** filed in this case, plaintiff states that he is no longer employed by the City and that the discrimination began October 5, 1994. He checks the boxes indicating that he has been discriminated against because of his age, disability, and race. He also checks boxes stating he was discriminated against in being terminated and by not having his disability accommodated. He further states that he was blatantly harassed by supervisors during work hours. Liberally construing ¶ 13 of his complaint and the additional allegations made, plaintiff also states he has not been considered for reinstatement to a different job despite improvements in his physical abilities shown by additional physical examinations. The "race" box that plaintiff checks also designates the claim as being pursuant to 42 U.S.C. § 1981. Further, plaintiff checks the box indicating that, pursuant to 42 U.S.C. § 1983, he is suing a local governmental agency for race discrimination.

Attached to the **form complaint** is a copy of plaintiff's notice of right to sue dated February 11, 1997. Plaintiff states that he received the notice on February 19. The present action was filed on March 18, 1997.

Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., charges of discrimination must first be filed with the EEOC or an appropriate state or local agency. See 42 U.S.C. §§ 12117(a), 2000e-5; 29 U.S.C. § 626(d). When, as in this case, the employer is a local municipality, the EEOC charge must be filed within 300 days of the charged conduct. See id. Generally, a lawsuit claiming employment discrimination will be limited to those claims included in the EEOC charge. McKenzie v. Illinois Department of Transportation, 92 F.3d 473, 481 (1996). The lawsuit, however, may also include claims "that are 'like or reasonably related to the allegations of the [EEOC] charge and [which] grow[ ] out of such allegations.' " Id. (quoting Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 167 (7th Cir.) (en banc), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)). This standard is met if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.... The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1997 WL 797650 (N.D.Ill.), 11 NDLR P 267
(Cite as: Not Reported in F.Supp.)

*3 *Id.* (quoting *Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497, 501 (7th Cir.1994)).

The EEOC charge, which is considered to be part of the complaint, alleges only disability discrimination. There is no contention by Williams that he attempted to expand upon the charge during the course of any EEOC investigation. Therefore, the present claims of race and age discrimination are barred. *Harris v. United Air Lines, Inc.*, 956 F.Supp. 768, 771 (N.D.Ill.1996); *Dudley v. Wal-Mart Stores, Inc.*, 931 F.Supp. 773, 798 (M.D.Ala.1996). Plaintiff has no cognizable Title VII (race) or ADEA (age) claim.

As to the ADA claim, the claim of on-the-job harassment is untimely according to plaintiff's own allegations. Plaintiff does not expressly state when he was harassed, but he does allege that he has not worked since 1991. Therefore, any on-the-job harassment had to have occurred more than 300 days prior to the September 30, 1996 filing of his EEOC charge. The harassment claim will be dismissed.

The termination claim is less clear. At the time he filed his EEOC charge, plaintiff indicated that his employment status was unclear. In the present complaint, he does not allege a date on which he was fired and thus has not pleaded himself out of court in that manner. Perhaps the refusal to reinstate him in October 1994 was sufficient to begin the running of time on the termination claim, but that cannot be assumed based on the limited facts that have been alleged. Therefore, the ADA termination claim will not be dismissed. Resolution of the timeliness of the termination claim must await summary judgment or trial if the facts found in discovery would support such a contention.

Defendant also contends that any claim of discriminatory reinstatement is time-barred because any such claim is simply a restatement of the claim that reinstatement was denied on October 4, 1994, which was more than 300 days prior to the filing of the EEOC charge. Generally, claims of discriminatory denial of reinstatement or re-employment will be treated as claims that the original discharge was discriminatory, and the running of the time for filing an EEOC charge will be measured from the date of discharge, not the date reinstatement was denied. *See Dertz v. City of Chicago*, 1997 WL 85169 *5 (N.D.Ill. Feb.24, 1997); *Mitilinakis v. City of Chicago*, 735 F.Supp. 839, 841 (N.D.Ill.1990). *See also Kupferschmidt v. Runyon*, 827 F.Supp. 570, 573 (E.D.Wis.1993). However, where circumstances have changed since the most recent discharge or prior denial of reinstatement, a new discriminatory act has occurred which begins the running of a new limitation period. *See EEOC v. City of Norfolk Police Department*, 45 F.3d 80, 84-85 (4th Cir.1995); *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 561-62 (9th Cir.1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978); *Dertz*, 1997 WL 85169 at *5. Williams alleges that his health had improved, making his subsequent claims for reinstatement distinct from any denial of reinstatement that occurred in October 1994. The ADA reinstatement claims are not barred as untimely.

*4 The § 1983 race discrimination claims do not have an exhaustion requirement. They are, however, barred to the extent they are based on conduct occurring more than two years prior to the filing of the present complaint in March 1997. *See Northen v. City of Chicago*, 126 F.3d 1024, 1026 (7th Cir.1997). In any event, the § 1983 claims **fail** because defendant is a municipality and plaintiff makes no claim that the discriminatory conduct was pursuant to an official policy or custom. *See McNabola v. Chicago Transit Authority*, 10 F.3d 501, 509 (7th Cir.1993); *Broxton v. City of Chicago*, 1996 WL 411422 *2 (N.D.Ill. July 18, 1996). For the same reason, plaintiff also **fails** to state a basis for obtaining relief pursuant to 42 U.S.C. § 1981. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735-36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214-15 (9th Cir.1996);

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 797650 (N.D.Ill.), 11 NDLR P 267  
(Cite as: Not Reported in F.Supp.)

Page 4

*Jackson v. City of Chicago*, 1996 WL 734701 *8 (N.D.Ill.Dec.18, 1996); *Allen v. City of Chicago*, 828 F.Supp. 543, 561 (N.D.Ill.1993).

All of plaintiff's claims are dismissed except his ADA claims that he was discriminatorily terminated and denied reinstatement. However, counsel will be appointed for plaintiff and counsel will be provided the opportunity to file an amended complaint. Today's ruling is without prejudice to counsel including any claims in an amended complaint that have an adequate foundation in fact and law. *Cf.* Fed.R.Civ.P. 11. Defendant will not be required to answer the complaint until after an amended complaint is filed.

IT IS THEREFORE ORDERED that defendant's **motion** to **dismiss** [11-1] is granted in part and denied in part. All claims are dismissed except the claims that plaintiff was terminated and denied reinstatement because of his disability. Counsel will be appointed to represent plaintiff. By January 22, 1998, counsel shall file an amended complaint. By February 5, 1998, defendant shall answer or otherwise **plead** to the amended complaint. Status hearing set for February 10, 1998 at 9:15 a.m.

N.D.Ill.,1997.  
Williams v. City of Chicago  
Not Reported in F.Supp., 1997 WL 797650 (N.D.Ill.), 11 NDLR P 267

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.