IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE M. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No: 07 C 6984 |
| -vs- ) | |
| ) | Judge Shadur |
| CITY OF CHICAGO, et al., ) | |
| ) | Magistrate Judge Cole |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Janice M. Thomas, ("Thomas"), by her attorneys, makes this Response to Defendants' Motion to Dismiss Plaintiff's Complaint, and asks that the Court deny the motion in part. In support thereof, Plaintiff states as follows:

### I. Introduction

Ms. Thomas is employed by the City of Chicago as a Motor Truck Driver for the Department of Water Management. Ms. Thomas filed this suit on December 12, 2007, alleging violations of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.

On March 31, 2008, counsel for the City of Chicago filed a Rule 12(b)(6) Motion to Dismiss. Ms. Thomas opposes this motion in part for the following reasons:

- First, the City argues that Ms. Thomas' Complaint should be dismissed because she filed it more than 90 days after receiving her right-to-sue letter from the EEOC. Plaintiff has documentary evidence, however, that directly contradicts this assertion. Therefore, the City's motion to dismiss this action at this early stage should be denied.

- Second, the City argues that Ms. Thomas' Complaint does not sufficiently plead facts which put the City on notice of her claim under the ADA, nor evidence that she has a

plausible right to relief. But, Ms. Thomas' Complaint, which identifies both legal and factual theories, more than meets the two-part test that the Seventh Circuit described as "two easy-to-clear hurdles" in <u>EEOC v. Concentra Health Services, Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007). Therefore, the Court should deny the City's motion to dismiss Ms. Thomas' ADA claim on this basis.

- Third, the City argues that any allegedly discriminatory acts occurring before the 300 day deadline for Ms. Thomas to file her EEOC Charge may not be considered for purposes of her ADA claim. This assertion, however, is contradictory to the United States Supreme Court's holding in <u>Nat'l Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002), and therefore, should also be denied.

Finally, Ms. Thomas does not oppose the City's motion to dismiss the § 1983 claim, the claim for liquidated damages, or to dismiss all defendants to this lawsuit but for the City of Chicago.

## II. <u>Legal Standard</u>

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, courts accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Dimming v. Wahl</u>, 983 F.2d 86, 87 (7th Cir. 1993). Courts will not grant a 12(b)(6) motion "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In the present matter, the City of Chicago does not establish that there are no set of facts whereby Ms. Thomas is entitled to relief.

In its motion, the City cites <u>Bell Atlantic Corp. v. Twombley</u>, 127 S. Ct. 1955 (2007), and <u>EEOC v. Concentra Health Services, Inc.</u>, 496 F.3d 773 (7th Cir. 2007), for the proposition that to survive a motion to dismiss, the complaint must do two things: 1) describe the claim enough to put the defendant on notice of the bases for the claim; and 2) allege facts that suggest the plaintiff's right to relief is "plausible." <u>Concentra</u>, 496 F.3d at 776. However, the Seventh Circuit made equally clear in <u>Concentra</u> that a plaintiff is not required to plead detailed facts to survive a motion to dismiss. <u>Id.</u> at 779. Such a requirement would be counter to the liberal notice pleading system, which is designed to ensure that claims are decided on their merits rather than through "missteps in pleading." <u>Id.</u> Furthermore, as the Seventh Circuit stated in <u>Concentra</u>, "a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim." <u>Id.</u> at 780. The Seventh Circuit's statement is all the more persuasive here where the plaintiff filed her complaint *pro se* on a standard pleading form and without the aid of legal counsel. See <u>Greer v. Bd. of Ed. of City of Chicago</u>, 267 F.3d 723, 727 (7th Cir. 2001) (stating that courts are to liberally construe the pleadings of individuals who proceed *pro se*). Ms. Thomas' Complaint sufficiently pleads facts that put the City on notice of the bases of her claims and establishes a plausible right to relief.

### III. ARGUMENT

A. **Plaintiff's Has Produced Sufficient Evidence That Her Complaint was Filed Within Ninety Days of Receiving the EEOC's Right-To-Sue Letter.**

There is conflicting evidence as to when Ms. Thomas received her right-to-sue letter, and, therefore, the Court may not grant the City's Motion to Dismiss on this basis. See <u>Dimming</u>, 983 F.2d at 87 (stating that all reasonable inferences must be drawn in favor of the plaintiff).

The City cites to a print-out from the United States Postal Service website, which purports to show that the EEOC's right-to-sue letter was delivered at 11:28 AM on September 1, 2007. Thus, the City argues that Ms. Thomas failed to file her Complaint as required within 90 days of receiving her right-to-sue letter from the EEOC.

Plaintiff has produced documentary evidence, however, that disputes the City's assertion that Ms. Thomas received the right-to-sue letter on September 1, 2007. Attached to this Motion, as Exhibit A, is a copy of the envelope containing the right-to-sue letter. The envelop contains the certified mail label and the tracking number 7001 0320 0006 1099 7164, which is the same tracking number listed on the Postal Service's "Track & Confirm" print-out. See Ex. A.

There are two aspects of the envelope that raise the plausible explanation that Ms. Thomas did not receive the right-to-sue letter until on or after September 14, 2007. First, the stamp above the mailing address shows that the Postal Service made two attempts to deliver the letter before returning it to the sender on September 14, 2007. Second, the mailing label also contains an official "change of address" mailing label, indicating that the letter was initially delivered to an address different from that on the right-to-sue letter. This would have caused further delay. It is at least "plausible" that the right-to-sue letter was originally sent to Ms. Thomas' former address, returned to the post office and then sent to her new address -- after the relevant date.

In sum, Exhibit A raises sufficient evidence by which one could conclude that Ms. Thomas filed her lawsuit timely. At minimum, discovery on the issue of receipt of the right-to-sue letter is necessary. Because all reasonable inferences must be drawn in favor of the plaintiff on a motion to dismiss, and it is reasonable to infer that Ms. Thomas received her right-to-sue

4

letter after September 1, 2007, the City's motion to dismiss on this ground should be denied. See Dimming, 983 F.2d at 87.

**B.    Ms. Thomas Has Stated a Plausible Claim of Discrimination Under the ADA.**

As the City notes in its motion to dismiss, a complaint must place the defendant on sufficient notice of the claim and allege facts that show the plaintiff's right to relief is "plausible." Concentra, 496 F.3d at 776. Without the aid of an attorney, Ms. Thomas' form complaint more than meets the two-part test laid out in Concentra.

First, Paragraph 9 of her complaint states: "The defendant discriminated against the plaintiff because of the plaintiff's [check only those that apply]: ...(c) Disability (Americans with Disabilities Act or Rehabilitation Act)." See Compl. at ¶ 9 (Attached as Exhibit B). This places the City on notice that Ms. Thomas' lawsuit seeks redress for illegal discrimination under the ADA.

Second, when asked to supply the facts supporting her claim under the ADA, Ms. Thomas references detailed factual allegations in her EEOC Charge of Discrimination, which states:

> "I began my employment with Respondent in October 1990. My current position is Motor Truck Driver. Beginning in 2004 and continuing, I have been subjected to different terms and conditions of employment by the Yard Foreman. In 2005, I was notified that the Yard Foreman told other employees that he believes I have a disability. In 2006, I have requested to be allowed to drive newer trucks when my assigned truck has been out of service and my requests have consistently been denied.
>
> I believe I have been discriminated against because of my sex, female, and my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990."

See Charge of Discrimination (Attached as Exhibit C).

Third, in her EEOC Charge, Ms. Thomas alleged that she has been discriminated on the basis of her sex, color, and race, in addition to her disability. After further consideration, however, she determined that the harassment and discrimination she suffered was most properly addressed by the ADA and not by Title VII. In her Complaint, therefore, she has already sufficiently narrowed her claims, and she should be entitled to discovery to prove this single claim of discrimination.

Thus, Ms. Thomas lays out a sufficient factual basis to state a viable claim of discrimination under the ADA. She alleges that she was treated differently than her co-workers due to her disability. The harassment came in the form of the Yard Foreman's denials of Ms. Thomas' repeated requests to drive newer trucks. At this point it is impossible to state that the denial of driving newer trucks did not change the terms and conditions of her employment or that the denials of Ms. Thomas' repeated requests to drive newer trucks is not the result of illegal discrimination. Ms. Thomas should not be required to included in her complaint each and every instance of discriminatory conduct as this would interfere with the goal of evaluating claims based on their merits and not through errors in pleading. See Concentra, 496 F.3d at 779. Ms. Thomas has asserted a plausible claim for discrimination under the ADA, and should be allowed to proceed beyond this stage in the litigation.

C.  **Discriminatory Harassment That Took Place More Than 300 Days Before Ms. Thomas Filed her EEOC Charge Are Not Time Barred Because They Relate Back.**

The City argues that any alleged discriminatory acts suffered by Ms. Thomas occurring before February 1, 2006, are time-barred because they occurred more than 300 days prior to the date Ms. Thomas filed her EEOC Charge. The City's argument, however, is in direct opposition to the United States Supreme Court's holding in National Railroad Passenger Corp., v. Morgan, 536 U.S. 101, (2002). In Morgan, the Supreme Court stated:

6

> "Given that the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within [...] 300 days of any act that is part of the hostile work environment."

536 U.S. at 118.

Ms. Thomas filed her charge with the EEOC on November 28, 2006. In order for her charge to be timely, Ms. Thomas must allege that an incident of harassment occurred on or before February 1, 2006. She has done just this. In her Charge, Ms. Thomas alleges that she repeatedly requested the chance to drive newer trucks in 2006. Moreover, notes attached to the EEOC's intake questionnaire confirm that many of the alleged discriminatory acts took place in November of 2006, which is within 30 days of the filing of the Charge and well-within the 300 day deadline. See Charge Questionnaire (Attached as Exhibit D). Therefore, because Ms. Thomas is pursuing a hostile environment claim under the ADA, the Court is permitted to consider all evidence of discriminatory conduct, including those acts which occurred before February 1, 2006, in assessing liability against the Defendant. Consequently, the City's motion to dismiss on this ground must be denied. Morgan, 536 U.S. at 118.

**D.　Ms. Thomas is Willing to Dismiss Certain Remaining Claims**

The court-supplied form complaint in this matter automatically asserts a claim under § 1983 if the defendant is a local government agency, and automatically seeks punitive and liquidated damages, "if available." See Ex. C, ¶¶ 10 & 16(g). As neither the § 1983 claim nor the requested punitive and liquidated damages are appropriate in these circumstances, Ms. Thomas withdraws her § 1983 claim and her request for punitive and liquidated damages. Finally, Ms. Thomas does not oppose the defendant's motion to dismiss all defendants but for the City of Chicago.

WHEREFORE, Plaintiff Janice Thomas respectfully requests that this Court deny, in part, the City of Chicago's Motion to Dismiss Plaintiff's Complaint for the aforementioned reasons and for any other relief in her favor deemed just and necessary in the circumstances.

DATED: May 1, 2008

Respectfully Submitted,

JANICE M. THOMAS

By: /s/ Brett A. Middendorf
     One of her attorneys

Andrew M. Slobodien (Atty No. 6226128)
Brett A. Middendorf (Atty No. 6286867)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60606
312.201.2000

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Peter A. Ahmadian
pahmadian@cityofchicago.org

Kathleen Veronica Crowe
kathleen.crowe@cityofchicago.org

/s/ Brett A. Middendorf