IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE M. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 6984 |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

City of Chicago ("City"), defendant in this employment discrimination action brought by Janice Thomas ("Thomas"), has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Thomas' Complaint and this action. Although City has advanced more than one ground for such dismissal, this opinion can be limited to the issue of the lawsuit's timeliness: whether, as required by 42 U.S.C. §2000e-5(f)(1) and as is expressly set out in EEOC's right-to-sue letter, this action was filed within 90 days after Thomas' receipt of that letter.

On that score Thomas has pointed to some different dates entered on the certified mail envelope containing the EEOC letter as assertedly creating a factual issue, based on the need to draw inferences in her favor where ambiguity is present. But the delivery to this Court last week of a copy of the May 29, 2008 deposition of the United States Postal Service's highly knowledgeable supervisor Gloria Conner ("Conner") has dispelled any arguable ambiguity and compels the granting of City's motion.

What controls here is the definitive evidence that Thomas actually received the EEOC letter at 11:28 a.m. September 1, 2007, more than 90 days before she filed suit on December 12 of that year:

1. Ex. 1 to this opinion comprises pages 48-51 of the Conner deposition, confirming that Thomas "or someone with the same last name and address signed for it" (id. at 51) on September 1.[1]

2. Ex. 2 to this opinion is the Postal Service's confirmation that the September 1 delivery record was signed on that date by a recipient whose signature has been scanned and reproduced on that page.

3. Ex. 3 is a photocopy of the signature page of Thomas' December 12, 2007 Complaint, confirming beyond dispute that Thomas was indeed the recipient referred to in Ex. 2. It is unnecessary to be a handwriting expert to recognize that: Over and above the obvious general parallels throughout the handwriting in the two signatures, just look at all three distinctive capital letters in each signature, most startlingly the capital "T" in "Thomas."

---

[1] Although Conner had reserved signature on her deposition, the testimony cited here is so clear and unequivocal that this Court sees no need to delay this ruling for that purpose.

Accordingly City's Rule 12(b)(6) motion is granted, and both Thomas' Complaint and this action are dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 24, 2008

48

1    Q. Can you tell by looking at this

2    envelope when it was delivered to your station?

3    A. On August 30.

4    Q. That's because of the stamp?

5    A. Yes.

6    Q. Did someone need to sign for it?

7    A. At our station?

8    Q. Uh-huh.

9    A. No, the certified mail comes in trays

10   because it's accountable and goes to the cage

11   area and then is sorted by carrier.

12   Q. Do you know when the addressee received

13   this piece of mail?

14   A. From this label?

15   Q. Yeah.

16   A. No.

17   MR. MIDDENDORF: I am going to now mark

18   Exhibit 8.

19              (Whereupon, Deposition Exhibit

20              No. 8 was marked for

21              identification.)

22   BY MR. MIDDENDORF:

23   Q. Ms. Conner, do you recognize what we

24   have marked as Exhibit 8?

49

1   A.  Yes.

2   Q.  Can you tell me what this is?

3   A.  This is a track and confirm from the
4   computer at the US Postal Service.

5   Q.  Can you tell me what the tracking
6   number is?

7   A.  7001-0320-0006-1099-7164.

8   Q.  And is that the same tracking number
9   that's on the envelope that we have marked as
10  Exhibit 7?

11  A.  Yes.

12  Q.  When does it say this document was
13  delivered?

14  A.  September 1, 2007 at 11:28 a.m. at
15  Chicago, Illinois, 60652.

16  Q.  Can you tell where it was delivered on
17  that date?

18  A.  60652 at 11:00 a.m., more than likely
19  at the post office.

20  Q.  So it was delivered on September 1 to
21  your post office?

22  A.  No, it was delivered to the addressee.

23  Q.  So delivered means delivered to
24  addressee?

50

1    A.  Yes.

2    MR. MIDDENDORF: What was why my last

3 question?

4    (Whereupon, the record was read

5    as requested.)

6 BY MR. MIDDENDORF:

7    Q.  Where does this information come from

8 on Exhibit 8?

9    A.  It would come from a scanner, either a

10 POS scanner, which would be inside the post

11 office, or from the carrier scanner on the

12 street.

13    Q.  So we are talking about since it was

14 delivered to a PO Box, if a person were to come

15 in and show the receipt, then the postal worker

16 retrieves the certified mail, then they would

17 scan it as delivered?

18    A.  Yes.

19    Q.  And then is it at that time a person

20 would sign for it?

21    A.  Yes.

22    Q.  Are those dates, in your experience,

23 ever incorrect?

24    A.  No.

1   Q.  So just by looking at this in

2   combination with the letter, it's your testimony

3   that it's absolutely certain that Ms. Thomas

4   received the letter on that date?

5       MR. AHMADIAN:  Can we clarify what -- can we

6   clarify what that date means?

7       MR. MIDDENDORF:  I'm sorry.  On September 1,

8   2007, as it shows in the track and confirm.

9       THE WITNESS:  As it shows in the track and

10  confirm, I can't say that Ms. Thomas signed for

11  it, but someone with the same last name and

12  address signed for it.

13  BY MR. MIDDENDORF:

14      Q.  Okay.  And since we have also

15  acknowledged that there was a change of address

16  being processed kind of at the same time because

17  there's a change of address label on the piece

18  of mail, which address would a person have to

19  show?

20      A.  She would have to show the address

21  that's on the label, on the actual mail piece.

22      Q.  Which is this PO Box?

23      A.  No, no.

24      Q.  Which address?

McCORKLE COURT REPORTERS, INC
CHICAGO, ILLINOIS (312) 263-0052

Ex 1 page 4

Mar 14 08 05:51p                                                                    p.2
2008-Mar-14 03:14 PM USPS - Chicago, IL 3129838303                                  1/1
US Postal Service    3/14/2008 14:12    PAGE 001/001    Fax Server



Date: 03/14/2008

Fax Transmission To: ARTHUR JONES
Fax Number: 312-989-8303

Dear: ARTHUR JONES;

The following is in response to your 03/14/2008 request for delivery information on your Certified Item number 7001 0320 0006 1099 7164. The delivery record shows that this item was delivered on 09/01/2007 at 11:28 AM in CHICAGO, IL 60652. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely

United States Postal Service

Ex. 2

EXHIBIT

Case 1:07-cv-06984  Document 33  Filed 06/24/2008  Page 9 of 9
Case 1:07-cv-06984  Document 20-2  Filed 03/31/2008  Page 5 of 11
Case 1:07-cv-06984  Document 11-2  Filed 01/28/2008  Page 5 of 11

(f) ☒ Direct the defendant to (specify): _UPON employee Returning from medical leave place employee IN different work location away from harm, Retribution and harrassment from other employees or those employed or enacting with employee_

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Janice M Thomas_

(Plaintiff's name) _JANICE M. THOMAS_

(Plaintiff's street address) _PO BOX 42834_

(City) _EVERGREEN PK_ (State) _IL_ (ZIP) _60805_

(Plaintiff's telephone number) _(708) - 757-3411_

Date: _0 12-03-07_

LOCAL RULES 5.2 — 5.4

LR5.2.   Form of Papers Filed

(a)   PAPER AND FONT SIZE. Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size. It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it. It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines. Where it is typed or printed, (1) the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2) the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.

Ex. 3